Green, J.
delivered the opinion of the court.
This is an action of debt upon two bills single executed to the Farmers’ & Merchants’ Bank of Memphis, the one for three thousand eight hundred and sixty-six dollars *732 sixty-seven cents, payable two years after date; and the other for four thousand one hundred and thirty-three dollars thirty-three cents, payable three years after date, which bills single were assigned to the plaintiff.
To the plaintiff’s declaration the defendant pleaded three pleas, containing substantially the same matter of defence, viz, that the said bills single were discounted by the said bank, the 29th day of May, 2844, and that each of said bills single had more than twelve months to run after they were discounted; and that by the fundamental articles of the charter of said bank, it was prohibitéd from discounting any paper which would not fall due within twelve months after the time such paper should be discounted; wherefore, the said bills single were wholly void. To these pleas, the plaintiff replied, that at the time said bills single were discounted by said bank, the defendant was a debtor to the bank in the sum of ten thousand dollars, and that for the better ■security thereof the said bank deemed it advisable to take paper from the. defendant, having longer time to run to maturity, than twelve months; and therefore said bank did discount said bills single having a longer time to run than twelve months. To the replications the ■defendant demurred.
These pleadings were made up at the February term, 1848, of the Circuit Court, and at the June term thereafter, the defendant filed his affidavit, stating that the two bills single described in the plaintiff’s declaration in this case were discounted by the Farmers’ S¿ Merchants’ Bank of Memphis, at a rate of discount of a fraction over seven per centum per annum, making the discount equal to eight per centum per annum of interest; and that the said notes when discounted by the bank *733 bad, both of them over one year to run to maturity, that is, until they fell due, to wit, one of them nearly two' years, and the other nearly three years. Upon this affidavit the defendant moved the court for leave to amend his second and third pleas, by inserting the averment that the notes in question were discounted at the Farmers’ & Merchants’ Bank, “ at the rate of a fraction over seven per centum per annum, making the discount equal to eight per centum per annum interest,” which motion was overruled by the court; and thereupon the defendant’s demurrers to the plaintiff’s replications were overruled and judgment rendered for the plaintiff for the debt in the declaration mentioned. From the judgment the defendant appealed to this court.
The only question in this case that has presented any difficulty to our minds, is, as to the application of the defendant in the court below, to be permitted to amend two of his "pleas. The fact disclosed in the defendant’s affidavit, if properly pleaded, would have been a good defence to the action, at least in part, and as the attainment of justice ought to be the object of all courts, it would seem that a Circuit Court with such a fact thus presented should have been inclined to permit this matter of defence to be brought before it, by a proper plea.
The act of 1809, ch. 49, sec. 21, authorises the court to permit the parties from time to time to amend any defect, omission or imperfection upon such terms, as the said courts shall in their discretion, and by their rules prescribe. This court has gone very far in sustaining the action of the Circuit Court in allowing - amendments to process and pleadings; and certainly, would have given its sanction to the leave to amend asked for in this case, if the Circuit Court had allowed the amendment, and the *734 objection had come from the other side. But we know of no case, in which this court has reversed the judgment of the Circuit Court, for refusing to give a party leave to amend his plea or declaration.
The right of a party to amend is addressed to the discretion of the court. The Circuit Court, according to the act of 1809, allows amendments according to the rules it may prescribe, and upon such terms, as in its discretion, it may impose. With such latitude of discretion, allowed by law, it must be seen that it would be difficult, if not impossible for this court to undertake to control that discretion. In regulating their rules of practice, in the nature of things, the Circuit Courts must be left to their own sense of propriety and to their responsibility, so as to exercise their discretion that right and justice shall be done. For upon this exercise of discretion in matters over which this court can exercise no control, the very fate of a cause may often depend. In applications for continuance, and for leave to take depositions, exemplifications of this remark are constantly occurring. And so in applications for leave to amend. But, difficult as it may be, for this court to control the discretion of the Circuit Court, still we do not intend to say that in no case will it be done. On the contrary, we think, that where a plea is drawn out in proper form, containing a good defence to the action, and the truth of it is verified by affidavit, it would be error not to permit such plea to be filed, provided the motion was made before the demurrer came on for argument. But on the other hand, if the amended plea is not offered, so that the court can see that it would, as amended be a good defence, this court has decided in the case of Rainey and Henderson vs. Sanders, (4 Hum. R. 447-8,) it *735 is no error to refuse it. We cannot, therefore, say that the court erred in this case, in refusing to permit the proposed amendment. As an averment in the pleas in -which it was proposed to be inserted, it would have been insensible and incongruous. Those pleas allege, that the charter of the Bank prohibited the discount of any paper having more than twelve months to run; and that the bills single sued on, had more than twelve months to run after they were discounted; wherefore, they were void. The amendment proposed is an averment that the bills single were discounted at a fraction over seven per eentum per annum, equal to eight per centum interest. This averment has no connection with the other matter of the pleas, and would only tend to confuse and obscure their meaning. If the matter of the pleas be a defence to the action, and the averment proposed to be inserted, by way of amendment, be also a defence to the action, these different defences, thus stated in the same plea, would make it bad for duplicity. And if the matter of these pleas be no good defence to the action, the insertion of the proposed averment in pleas averring entirely, •different matters of defence, would tend to confuse the plaintiff as to the mode of treating the plea so amended, and, therefore should not have been allowed.
As the affidavit disclosed proper matter for a plea, the court might have suggested the impropriety of introducing it into the pleas already filed, and have indulged the party to draw out a proper plea. But the court was not bound to do this, and we cannot say that his Honor erred for failing to do so. To put the court in the wrong, it is necessary in such cases, that the proposed amendment be drawn out in form and offered properly verified.
*736 2. The next enquiry is, did the court err in overruling the defendant’s demurrers to the plaintiff’s replications?
By the eleventh fundamental article of the Union Bank, which by its charter is a fundamental article of the Farmers’ & Merchants’ Bank of Memphis, it is provided that all paper discounted by said bank, having not more than ninety days to run until due and payable, shall be discounted at six per centum per annum; over ninety days and under six months to run until due and payable, not more than at the rate of seven per centum per annum; and. for all paper discounted having more than six months before due and payable, not more than at the rate of eight per centum per annum; and said corporation shall not under any pretence, discount any paper which does not fall due within twelve months from the time when such paper may be offered for discount.”
The Farmers’ & Merchants’ Bank of Memphis, was chartered at the session of the General Assembly of 1833. By an act of Assembly passed at the session of 1841-2, ch. 127, sec. 4, it is provided, “that whenever the board of directors of any bank in this State, shall deem it advisable, for the better security of any debt due to said bank, to take paper' from any debtor, having longer than-twelve months to run to maturity, it may be lawful for such board to take or discount such paper; provided, that it shall not be lawful to charge, by way of discount or for interest, a greater rate than six per centum per aimum for the time such paper may have to run to maturity.” This act is an extension of the privileges of the several banks in this State, in whose charters the restriction to discounting paper having more than twelve months to run existed; and when accepted and acted on by any one of said banks, it became part of the charter. *737 It is not therefore to be considered in the light of an exception that must be pleaded by the party in whose favor it exists, but as an enlargement of the corporate powers of the bank. It is to be construed precisely as if it had been part of the original charter. And the meaning of the eleventh fundamental article of the charter, taken in connection with the 4th section of the act of 1841, is this: In all ordinary discounts of said bank, notes having more than twelve months to run shall not be discounted under any pretence; but where the directors deem it advisable for the better security of any debt due said bank, they may discount notes having more than twelve months to run; said bank may taire by way of discount, or interest, on paper having more than six and less than twelve months to run, “at the rate of eight per centum per annum; and for paper having more than twelve months to run, said bank shall not charge by way of discount or for interest, a greater rate than six per centum per annum, for the time such paper may have to run to maturity.” It will appear, from this construction of the original charter of the bank, and the act of 1841, taken in connection with each other, that the bank has a right to discount paper having more than twelve months to run. True, it can only do this in the given case, where it is deemed advisable for the better security of a debt. But when such paper is discounted by the bank, it is prima facie a valid transaction. The presumption is that the given state of facts existed, by which the act was authorised. The seventh fundamental article of the charter, makes it unlawful for the bank to hold land and tenements, except such as may be requisite for its immediate accommodation for the transaction of the business of the corporation, and such as shall *738 have been bona fide mortgaged to it, by way of security, or conveyed in satisfaction of debts previously contracted, or purchased at sales on judgments obtained by the bank. Now, although the bank may not deal in real estate, generally, yet when a tract of land shall be conveyed to it, the conveyance is prima facie valid, because it may for certain purposes hold real estate; and it is to be presumed the facts authorising it, exist, in the given case. So here, by the law this bank had a right to discount paper having more than twelve months to run. To plead, therefore, that the paper had more than twelve months to ran, when discounted, is no defence to the action, and the plaintiff should have demurred to the pleas. To make the defendant’s pleas a sufficient defence, it would have been necessary for him to aver, in addition to the facts stated in the pleas, that neither of the obligors, nor other person for the satisfaction of whose debt the bills single were discounted, were at the time of said discount, debtors to the bank. For want of this averment, the pleas do not negative the plaintiff’s right to recover, because they do not show that the bank was not authorised to discount the bills single sued on.
In this view of the case, it is wholly unnecessary to consider whether the replications be good or not; as the defendant’s demurrer reaches the first fault in pleading, which being found in his own pleas, his defence is thereby defeated.
Let the judgment be affirmed.